## SHAAR v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.  December 14, 1920.)

No. 3535.

Customs duties ☜130—Internal revenue ☜46—Imported bullion forfeited for failure to make entry and pay tax.

An owner of gold and silver bullion, who intrusted it to another in Mexico to be delivered to a bank in the United States, but with no instructions as to the means of bringing it in, or as to its entry or declaration at a custom house; held, bound by the action of such person in delivering it to a third person to be taken across the boundary, and in failing to make entry of it and pay the internal revenue tax thereon, and the bullion held forfeitable for importation in violation of law.

In Error to the District Court of the United States for the El Paso Division of the Western District of Texas; William R. Smith, Judge.

Libel by the United States against 1,135 ounces of silver bullion and 56 ounces of gold bullion; Antonio L. Shaar, claimant.  From a judgment of forfeiture, claimant brings error.  Affirmed.

John T. Hill, of El Paso, Tex., for plaintiff in error.
Edmund B. Elfers, Asst. U. S. Atty., of El Paso, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge.  This was a proceeding to enforce a forfeiture of a quantity of gold and silver bullion, upon the ground that it was imported from Mexico into the United States, without being entered or declared, and without the payment of the consular fee and internal revenue tax required by law.

Plaintiff in error, herein designated as claimant, interposed a claim to the bullion.  A jury was waived and the trial court made the following findings:

"The evidence, as I understand it, showed, and the court finds therefrom, the following facts:

"That the bullion in controversy in these cases was delivered by the claimant, Antonio L. Shaar, at Parral, Mexico, to one Scott, with instructions to Scott that he should bring it to El Paso, Tex., in the United States, and there deliver it to the Union Bank & Trust Company.  That claimant gave Scott no instructions as to the means of bringing said bullion to El Paso, or as to making entry thereof into the United States.  That Scott was a man who was informed and experienced in making entries of merchandise from Mexico into the United States.

"That afterwards said bullion was found in El Paso, and was seized by the United States customs officers.  There was no testimony as to the exact time or manner in which it was crossed over the international boundary line between Mexico and the United States of America, but the testimony showed that none of the requirements of the customs laws was complied with.

"The bullion was not entered through a port of entry, and, while it was not dutiable, the value being over $100, the importer should have obtained from the American consul in Mexico a consular certificate or invoice, and should have paid a fee of $2.50 for same, and should have paid an internal revenue tax of $1 to the United States, and have had affixed to the entry a $1 internal revenue stamp as evidence of the payment of this tax.  The importer should have declared and presented a manifest to the United States customs officers.

at the international boundary line for said bullion, and he should have appeared at the custom house at the point of entry and made the necessary entry papers for the said bullion. None of these requirements was complied with.

"That there was no legal testimony as to how said bullion was crossed into the United States, but Mr. Hill, counsel for claimant, was permitted to testify, without objection, that some time prior to the trial he went to Juarez, Mexico, and there had a conversation with said Scott, who told him that claimant gave the bullion to him to bring from Parral, Mexico, to El Paso, Tex., and that on arrival at Juarez he delivered it to one Leon, and instructed him to bring it to El Paso, but he did not know how Leon brought it across, and never inquired."

Upon the foregoing findings of fact, the court made the following findings of law:

"That the bullion described in the petitions herein was crossed from Mexico into the United States fraudulently and knowingly, and was therefore contrary to law.

"The statute is broad, and makes no exceptions, and if any person, whether the owner or not, brings bullion across into the United States from Mexico, contrary to law, it is forfeitable. Whether the claimant intended that said bullion should be brought into the United States without compliance with the provisions of the law is immaterial.

"That therefore the bullion in controversy is subject to be forfeited, although the owner may not have given any instructions to his agent, Scott, that he should not comply with the law in bringing it in.

"The court further finds that whatever Scott did towards the importation of said bullion into the United States was done within the scope of his authority as the claimant's agent. If he delivered it to Leon, he was acting within the scope of his authority, and the claimant was bound by it, and the case is as if claimant had imported it himself.

"The court concludes, therefore, that the property in controversy in both of these cases should be forfeited to the United States government; and it is so ordered."

Error is assigned upon the finding of law that Scott acted within the scope of his authority, assuming that he entrusted the bullion to Leon in Mexico. In view of claimant's testimony that he gave Scott no instructions as to the manner or means to be employed, the latter was at liberty to perform the service, personally or through others, in any necessary or proper manner.

There is no finding of a breach of duty by any of the divers parties who at one time or another may have had possession of the bullion. It is not out of harmony with the court's findings that the very things were done which claimant contemplated would be done.

Error is also assigned upon the findings of law, to the effect that forfeiture did not depend upon claimant's intention to comply with the requirements of law, nor upon his instructions to Scott relative thereto. These findings were intended to mean no more than that claimant was bound by the acts of his agent, Scott. So construed, they state a proposition of law which is conceded to be correct.

None of the assignments of error is well founded.

The judgment is affirmed.